UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-40-GWU

DONNA PEEK, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Donna Peek brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of

impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting

most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Peek, a 41-year-old former restaurant cook with a high school education, suffered from impairments related to peripheral neuropathy. (Tr. 12, 15-16). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform sedentary level work. (Tr. 13, 15). Based upon application of Rule 201.28 of the Medical-Vocational Guidelines pertaining to sedentary level work, the claimant could not be considered totally disabled. (Tr. 16).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record does not mandate an immediate award of Social Security benefits. Therefore, the court must grant the plaintiff’s summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ’s residual functional capacity assessment included an exertional restriction to sedentary level work, with an inability to stand or walk for more than two hours in an eight-hour day, sit for more than six hours in an eight-hour day, an inability to tolerate more than occasional climbing or balancing, and a need to avoid

concentrated exposure to temperature extremes, wetness, vibration and hazards such as moving machinery and unprotected heights. (Tr. 13). This residual functional capacity finding includes several non-exertional limitations, making reliance upon the medical-vocational guidelines problematic. Social Security Ruling (SSR) 96-9p indicates that the limitations concerning standing or walking, occasional climbing and the environmental restrictions would be consistent with the full range of sedentary level work and, so, would not preclude reliance upon the medical-vocational guidelines. SSR 96-9p, pp. 8, 10, 12. However, the claimant argues that the balancing restriction would not be consistent with this Ruling.

As noted by Peek, SSR 96-9p indicates that "if an individual is limited in balancing only on narrow, slippery or erratically moving surfaces, this would not, by itself, result in significant erosion of the unskilled sedentary occupational base." SSR 96-9p, p. 10. The Ruling goes on to state that "if the individual is limited in balancing even when standing or walking on level terrain, there may be significant erosion of the unskilled sedentary occupational base." SSR 96-9p, p. 10. For this reason, the Ruling notes that "it is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base." SSR 96-9p, p. 10. In the present action, the ALJ only indicated a restriction concerning "occasional" balancing without further clarifying the limitation and the plaintiff argues that this finding falls short of the requirements of SSR 96-9p.

The defendant asserts that the restriction to occasional balancing would not apply to level terrain and that Peek is misconstruing the restriction to assert that this would be the case. However, the plaintiff has merely argued that the restriction to occasional balancing is ambiguous and further explanation of the extent of the balancing limitation was required in order for the administration to rely upon the Ruling. The defendant has cited no authority that a restriction concerning "occasional" balancing would not apply to level terrain. This vague restriction concerning "occasional" balancing looks very much like the "limited balancing" restriction SSR 96-9p indicates would need further clarification. The court finds that, without clarification, one must assume that balancing on all terrain levels would be restricted to occasional performance. Based on SSR 96-9p, such a restriction would require that a vocational expert be consulted and preclude reliance upon the medical-vocational guidelines. Under these circumstances, reliance upon SSR Ruling 96-9p is misplaced and a remand of the action for further consideration is required.

Peek also argues that the ALJ erred by failing to state good reasons for rejecting the opinion of Dr. Patrick Leung, a treating source, as required by 20 C.F.R. § 404.1527(d)(2) and Wilson v. Commissioner of Social Security, 378 F.3d 541, 543 (6th Cir. 2004). Dr. Leung opined that the plaintiff would be unable to sustain a reasonable walking pace over a sufficient distance to carry out daily activities, or stand on her feet for a prolonged period of time, and would experience

pain that would interfere with her completing a normal 40-hour workweek. (Tr. 274-275). Among the reasons cited by the ALJ for rejecting Dr. Leung's restrictions as binding were the doctor's reliance upon a finding of weakness in the legs in the medical source statement (Tr. 15, 273) while his treatment notes never mention such a finding by the physician (Tr. 15, 273-297, 304-310). As noted by the ALJ, Dr. Leung repeatedly indicated that the plaintiff was ambulatory or fully ambulatory (Tr. 15, 274, 281-284, 309), a finding that undercuts his assertion that she could not walk over a sufficient distance to carry out routine tasks. As found by the ALJ, Dr. Leung's assessment was also contradictory to the doctor's statements that the claimant's peripheral neuropathy did not interfere with her locomotion and would not preclude routine activities such as banking and shopping. (Tr. 15). Therefore, the undersigned concludes that the ALJ cited sufficient good reasons to find that Dr. Leung's opinion was not entitled to superior weight.

Another argument raised by Peek concerns whether the ALJ properly assessed her credibility. The ALJ cited the plaintiff's ability to engage in routine activities such as grocery shopping, sweeping, driving her child to school, and a lengthy road trip to Florida as reasons for this finding. (Tr. 13, 23-24, 29, 31-32). The ALJ noted that her symptoms waxed and waned over time following her diagnosis of peripheral neuropathy in 2005 with improvement reported in October, 2005 and January of 2006. (Tr. 14, 285-286). While pain symptoms worsened in May and July of 2006, she was again improved in February of 2007. (Tr. 14, 279,

282, 284). As previously noted, Dr. Leung has repeatedly noted that she remains ambulatory despite her pain complaints. (Tr. 15). The ALJ also noted the physician's findings with regard to a normal gait and station, the absence of muscle atrophy in the lower extremities and the absence of abnormal findings regarding her reflexes. (Tr. 14, 277-289, 293). The claimant complains that the ALJ did not consider how her medication would affect her ability to concentrate. However, she did not report such complaints to the treating physicians. In March of 2008, Dr. Leung reported that her medications were controlling her symptoms. (Tr. 304). Therefore, the court finds that the ALJ properly concluded that Peek was not fully credible.

The undersigned concludes that the administrative decision should be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of September, 2010.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***G. Wix Unthank*** GWU

**United States Senior Judge**